UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BIOMET, INC., *et al.*,<br><br>Petitioners,<br><br>v.<br><br>HOWMEDICA OSTENICS CORPORATION,<br><br>Respondent. | Civil Action No. 14-6634 (MAS)(DEA)<br><br>**MEMORANDUM OPINION AND ORDER** |

ARPERT, Magistrate Judge

This matter comes before the Court on two Motions: (1) a Motion by Petitioners Biomet, Inc. and Biomet Manufacturing Corporation (collectively "Biomet") seeking an order compelling Howmedica Ostenics Corporation ("Howmedica") to comply with Biomet's September 9, 2014 subpoena [Dkt. No. 1]; and (2) a Cross-Motion by Howmedica seeking the entry of a Protective Order [Dkt. No. 10]. Howmedica opposes Biomet's Motion to compel [Dkt. No. 10]. Biomet does not oppose Howmedica's Cross-Motion for the entry of a Protective Order. For the reasons set forth below, Biomet's Motion to compel the production of discovery by Howmedica [Dkt. No. 1] is GRANTED and Howmedica's Cross-Motion for the entry of a Protective Order [Dkt. No. 10] is GRANTED.

I.  **BACKGROUND**

The facts and procedural history of this matter are well known to the parties and need not be recited at length. The present Motions arise out of a separate action which is currently pending in the United States District Court for the Northern District of Indiana (the "Indiana

1

Action"). *See Biomet, Inc. v. Bonutti Skeletal Innovations LLC,* Civ. Action. No. 13-0176 N.D. Ind. The Indiana Action was initiated by Biomet's filing of a declaratory relief action seeking a determination of invalidity and non-infringement as to ten patents (the "Asserted Patents"). In response, Bonutti Skeletal Innovations, LLC ("Bonutti Skeletal") filed a Counterclaim asserting patent infringement against Biomet. The Asserted Patents relate to surgical methods and instruments for implanting prosthetic knees, hips and spinal components.[1]

Biomet seeks documents and testimony related to Howmedica's involvement with Dr. Peter Bonutti, the named inventor of the Asserted Patents. On July 24, 2014, prior to serving Howmedica with the subpoena currently at issue, Biomet served a subpoena *duces tecum* on Stryker Corporation ("Stryker").[2] Dkt. No. 1 at p. 6. According to Biomet, Stryker responded to the subpoena with "generalized, boilerplate objections" and stated that it was not in possession or control of any documents relating to Howmedica's involvement with Dr. Bonutti. Id. at p. 7. Biomet addressed Stryker's objections and provided Stryker with "five, narrowed document categories and supporting documentation showing Stryker was likely in possession of responsive documents." Id. In response to Biomet's narrowed request, Stryker again refused to produce any document and represented that Howmedica was the entity in possession and control of documents responsive to the subpoena. Id.

On September 9, 2014, Biomet served Howmedica with a subpoena *duces* tecum (the "Subpoena") seeking the information originally requested from Stryker, which is the subject of Biomet's present Motion. Id. Howmedica objected to the Subpoena with the same general objections given by Stryker and refused to produce any documents. Id. at p. 8. Biomet then

---

[1] The Asserted Patents are U.S. Patent Nos. 6,099,531; 6,423,063 (the "Spine Patents"); 6,702,821; 7,104,996; 7,708,740; 7,806,896; 7,806,897; 8,133,229 (the "Knee Patents"); 7,828,852; and 7,931,690 (the "Hip Patents").
[2] Howmedica is a wholly owned subsidiary of Stryker. Dkt. No. 1 at p. 6-7.

limited its request and Howmedica again objected and refused to produce any documents. Although Biomet originally sought to compel the production of nine categories of documents, Biomet has since limited its request to seven categories of documents:

> 1. Dr. Bonutti's consulting activities for Howmedica on minimally invasive knee surgery;
>
> 2. Surgical techniques and marketing brochures for specifically identified Howmedica knee and hip implant products published or distributed before 2003;
>
> 3. Product brochures, surgical techniques or technical drawings published or distributed before 2003 naming or identifying Dr. Bonutti;
>
> 4. Documents related to Howmedica's involvement in the patents asserted in the Indiana Action;
>
> 5. Presentations and training materials prepared by Dr. Bonutti for Howmedica or on Howmedica's behalf;
>
> 6. Sales records showing what Howmedica knee and hip products were used by Dr. Bonutti in orthopedic surgeries before 2003; and
>
> 7. Communications between Dr. Bonutti and ten identified Howmedica employees concerning topics related to the filing, obtaining and prosecuting the Asserted Patents.

Id. at p. 2. According to Biomet, the subpoena served on Howmedica seeks information which is directly relevant to Biomet's defenses and relates to: (1) the validity of the Asserted Patents; (2) Bonutti Skeletal's rights in the Asserted Patents; and (3) damages in the Indiana Action. Howmedica has refused to provide Biomet with any of the requested information. Accordingly, Biomet filed the instant Motion to compel Howmedica's compliance with the Subpoena. *See* Dkt. No. 1. In response, Howmedica filed its Cross-Motion for the entry of a Protective Order. *See* Dkt. No. 10.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 45(d)(2)(B)(I) sets forth the procedure by which the Court may compel compliance with a Subpoena. In pertinent part, the Rule provides, "[a]t any time, on

notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." It should be noted that the permissible scope of discovery under Rule 45 is the same as under Rule 26(b). See In re Rehberger, No. 13-831 (MLC), 2013 U.S. Dist. LEXIS 71453, at *7 (D.N.J. May 21, 2013) (citing OMS Invs., Inc. v. Lebanon Seaboard Corp., No. 08-2681 (AET), 2008 U.S. Dist. LEXIS 94165, at * 2 (D.N.J. Nov. 18, 2008)). If the subpoenaing party shows the documents sought to be relevant, the resisting non-party must "explain why discovery should not be permitted." Miller v. Allstate Fire & Cas. Ins. Co., No. 07-260, 2009 U.S. LEXIS 21225, at *4 (W.D. Pa. Mar. 17, 2009) (citation omitted).

However, the Court's ability to force compliance with a Subpoena is limited by Rule 45(d), which provides:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees–on a party or attorney who fails to comply.

Under Rule 45, "courts have significant discretion" to quash or modify a Subpoena where the discovery sought is irrelevant, or compliance with the subpoena would be "unreasonable and oppressive." First Sealord Sur. v. Dunkin & Devries Ins. Agency, 918 F. Supp. 2d 362, 383 (E.D. Pa. 2013) (citing Fed. R. Civ. P. 45).

In applying Rules 26 and 45, the Court must balance several competing factors in assessing the reasonableness of a subpoena: (1) relevance, (2) the need of the party for the documents, (3) the breadth of the document request, (4) the time period covered by it, (5) the particularity with which the documents are described, (6) the burden imposed, and (7) the subpoena recipient's status as a nonparty to the litigation. See generally Halpin v. Barnegat Bay Dredging Co., Civ. A. No.

4

10-3245, 2011 WL 2559678, at *12 (D.N.J. June 27, 2011); <u>OMS Invs. v. Lebanon Seaboard Corp.</u>, No. 08-2681, 2008 WL 4952445, at *3 (D.N.J. Nov. 18, 2008).

## III.   DISCUSSION

Biomet seeks to compel Howmedica to produce documents related to Howmedica's agreements and involvement with Dr. Bonutti, the named inventor of all ten patents asserted in the Indiana Action. According to Biomet, the requested information is highly relevant to the validity of the Asserted Patents, Bonutti Skeletal's rights in the Asserted Patents and damages in the Indiana Action. Specifically, Biomet claims that records showing the sale and use of products embodying the Asserted Patents by Dr. Bonutti and Howmedica before 2003 are potential prior art, which is directly relevant to the validity of the Asserted Patents. As to Bountti Skeletals' rights in the Asserted Patents and damages in the Indiana Action, Biomet claims that Howmedica was the exclusive licensee to at least the Asserted Patents relating to knee surgery from July 2003 to at least December 2012. Accordingly, Biomet argues that documents related to Howmedica's involvement in the Asserted Patents and their prosecution are "relevant to the ownership and ability of Bonutti Skeletal to pursue post damages for the Asserted Patents . . . ." Dkt. No. 1 at 2. Biomet further contends that the Subpoena does not impose any undue burden on Howmedica and that Biomet has made "substantial efforts to reduce any burden by narrowing the documents requested" to seven specific categories. Dkt. No. 1 at 1.

In opposition to Biomet's Motion to compel, Howmedica asserts that the Subpoena served by Biomet is "absurdly broad" and "outrageously burdensome." Dkt. No. 10 at p. 6. Howmedica claims that because it is a non-party in this case, it is entitled to "enhanced protection from the harassment that Biomet is inflicting" and argues that Biomet "has failed to come forward with a cogent and legally meaningful explanation as to why Howmedica should

comb through and open up massive files of confidential documents . . . on the off chance that documents could turn up that would assist Biomet" in the Indiana Action. Id. Even after Biomet narrowed its requests, Howmedica asserts that the requested documents encompass too wide a range. Howmedica also argues that the production of these documents would "likely require Howmedica personnel to spend weeks, if not months, at enormous cost, going through a massive number of files, on the off chance that [responsive documents] might be found." Id.

Although Howmedica objects to the Subpoena as being "irretrievably broad and burdensome" Howmedica moves, in the alternative to this Court quashing the Subpoena, for the entry of a Protective Order. Dkt. No. 10 at p. 26. While Howmedica does not object to the form of the Protective Order currently in place in the Indiana Action, Howmedica requests that this Court enter a Protective Order to allow the parties to resolve any disputes regarding the Protective Order before this Court, rather than in the Northern District of Indiana where the Indiana Action is currently pending. Biomet does not object to Howmedica's request for the entry of a Protective Order.

## IV.   ANALYSIS

The Court finds that Biomet has met its burden and established grounds to compel Howmedica to produce the requested documents in compliance with the Subpoena *duces tecum* pursuant to Rule 45. As an initial matter, contrary to Howmedica's argument that Biomet's request "is simply a fishing expedition", the requested documentation relating to Howmedica's ownership and prosecution of the Asserted Patents is highly relevant because the ownership status and conduct surrounding the prosecution of the Asserted Patents relates to the claims and rights of the parties in the Indiana Action. Specifically, Howmedica's role in the prosecution of the Asserted Patents and the status of Howmedica's past and/or current license rights to the

Asserted Patents could affect the validity and enforceability of the Asserted Patents, which is a central issue in the Indiana Action.

Furthermore, the Court notes that Biomet has considerably narrowed its initial requests in the Subpoena and is seeking information identified by Stryker as documentation that would most likely be found in Howmedica's possession. Accordingly, the Court finds that Biomet's narrowed requests do not impose an undue burden on Howmedica since the requests are tailored to provide Biomet with information that goes directly the validity of the Asserted Patents in the Indiana Action. In reviewing Howmedica's objections, the Court finds that Howmedica has only set forth conclusory objections and claims that do not adequately demonstrate any undue burden it will incur in producing the requested information.

Finally, the Court recognizes Howmedica's confidentially concerns, especially in light of the fact that Howmedica and Biomet are direct competitors. However, the Court finds that Howmedica's concerns will be alleviated by the entry of the Protective Order proposed by Howmedica, which Biomet does not oppose.

## V.     CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth above;

**IT IS** on this 7th day of April, 2015,

**ORDERED** that Biomet's Motion to compel Howmedica's compliance with the Subpoena *duces tecum* [Dkt. No. 1] is **GRANTED**; and it is further

**ORDERED** that Howmedica is directed to produce the requested documents within forty-five (45) days from the entry of this Order; and it is further

**ORDERED** that Howmedica's Cross-Motion for the entry of a Protective Order [Dkt. No. 10] is **GRANTED**; and it is further

**ORDERED** that Howmedica shall submit a proposed Protective Order to the Court within seven (7) days of the entry of this Order.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge